LOTTINGER, Judge.
This was a suit on an account allegedly due petitioner in the sum of $265. From judgment below in favor of defendant, dismissing the claim, the petitioner has taken this appeal.
The facts show that John E. Rouse and James E. Schoultz were in partnership, the purpose of which was the drilling of wells. Rouse died on October 19, 1947, and his succession was opened by his heirs. One of the items appearing in the inventory is as follows:
“1 — uncompleted drilling rig on wheels belonging to James E. Schoultz against which decedent has a claim of $265.00.”
The said succession proceedings were duly completed and closed. Sometime later, in March of 1951, the heirs of Rouse filed this suit -alleging that defendant was indebted to the Succession of John E. Rouse in the sum of $265, and demanding payment of said sum. After trial of the matter, the lower- court rendered judgment in favor of defendant and dismissed petitioner’s suit.
Petitioner attempted to show that on July 8, 1948, the attorneys for petitioner made demand upon defendant for páymént of this claim. Defendant testified that he had received several letters from said, attorneys but that he did not remember having. received the certain demand .letter of. July 8, 1948. One of the attorneys for the Succession testified that at one time he had discussed the indebtedness with defendant at the attorney’s office. He testified that, at that time, the defendant freely acknowledged the indebtedness and asked the attorney to write a letter to the heirs advising them that he was unable to pay the claim at the time. This attorney stated that it was his recollection that the rig had been .partnership property, but that, after the death of Rouse, some arrangement was made between defendant and Rouse’s heirs wherqby defendant purchased Rouse’s interest in the rig.
Defendant .testified that the rig was owned by he and Rouse as partners, together with a Mr. Galloway. He stated that the rig was being built in their spare time ; that Mr. Rouse and the defendant purchased the material and Mr. Galloway did the-labor. Rouse and defendant had each invested the sum of $265 in the rig. The rig never was completed. Defendant testified that, after the death of Rouse, he attempted to gain possession of the rig but the heirs of Rouse would not let him have it. Approximately a year prior to trial of the matter, the rig, at the request of the Rouse heirs, was moved to defendant’s yard because the Rouse’s did not have any room for it. At the time o-f its removal, defendant testified that the rig was worthless.
Mr. Galloway testified that the three, Rouse, defendant and himself, were building the rig together. He stated that Rouse and defendant purchased the material and that he did the labor. He was to receive a thirty percent interest in the rig and Rouse and defendant were to share the rest. Galloway testified that the rig was at the Rouse place when Mr. Rouse died. Several months *894 later, Mrs. Rouse became ill- and the rig was moved to defendant’s place at the re-, quest of Mrs. Rouse. He stated that, the rig has not been used either by himself or defendant, nor was any work done on same after the death of Mr. Rouse.
Petitioner makes much of the fact that defendant was a witness to the inventory in the Succession of John E. Rouse. They claim such constituted an admission by defendant that he owed the succession $265. We fail to see this, as there is nothing in the inventory which would indicate that defendant was indebted to Rouse in-any amount. The drilling rig was included in the inventory, and it was stated that decedent had a claim against the rig in the sum of $265. The inclusion of the rig in the inventory is strong indication that the decedent owned an interest in the rig, which is exactly what the defendant contends.
The lower court concluded that the petitioner had failed to discharge his burden of proof, and we are inclined to agree. There is’nothing in the record to show that the rig was owned by defendant, nor that the defendant was indebted to decedent. As a matter of fact, we feel that Mr. Gallon-way was in a good position tft know the true facts, and his- testimony was to the effect that the rig was the property of the partnership. The evidence further shows, without contradiction, that no possession over' the rig was exercised by defendant until several months after the death of Rouse when his family requested that the rig be removed to the defendant’s place.
The defendant testified that he was interested in purchasing decedent”s interest in all the partnership property, and that was the reason for his writing the Rouse heirs to the effect that he was unable to make any payment shortly after the death of Mr. Rouse. However, there is nothing in the record which would indicate that any agreement was ever reached as to a sale of the property to defendant.
The lower court, in its wise discretion, concluded that petitioner had failed to prove its case. We not only fail to find any error in the judgment of the lower court, but we find strong indications that there was no debt owed the petitioner by the defendant. Because of these reasons, the judgment of the lower court, will be' affirmed, all costs of this appeal to be paid by petitioner.
Judgment affirmed.